UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A&R REAL ESTATE, INC.,

Plaintiff,

– against –

DORIAN NEW YORK LLC *and*
DORYA USA, LLC,

Defendants.

**ORDER**

20-cv-06976 (ER)

RAMOS, D.J.:

A&R Real Estate, Inc. ("A&R") brought this action against Dorian New York LLC ("Dorian") and Dorya USA, LLC ("Dorya," and together with Dorian "Defendants"), alleging claims for breach of contract and enforcement of guaranty, and seeking declaratory judgment for unpaid rent and other fees under a lease and a guaranty on a commercial space located at 105 Madison Avenue in New York City (the "Premises").  Doc. 1-1 at ¶¶ 2, 6, 15–44.  On September 26, 2023, the Court ruled Defendants are liable to A&R for damages under the lease for breach of contract and the guaranty for enforcement, respectively.  Doc. 54.

On January 29, 2025, the Court determined that A&R is entitled to damages for reasonable attorneys' fees from both Dorian and Dorya.  Doc. 77 at 9, 14.  However, the Court determined that from Dorian, A&R is only entitled to the attorneys' fees incurred in connection with the enforcement of the Lease and from Dorya, A&R is only entitled to recover the attorneys' fees incurred in connection with the enforcement of the Guaranty. *Id.*  Because the Court concluded that there was a genuine issue of material fact as to which attorneys' fees were incurred due to the enforcement of the Lease versus the Guaranty, the Court directed A&R to resubmit its attorneys' fees and specifically identify and segregate the attorneys' fees incurred as to the enforcement of two agreements.  *Id.* at 9, 15, 16.  The Court also found that—like other courts in this District—billing rates of

Schlam Stone & Dolan LLP ("SS&D") are reasonable.[1]  *Id.* at 10–11, 15; *see also*

*Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) ("When a

contract provides that in the event of litigation the losing party will pay the attorneys'

fees of the prevailing party, the court will order the losing party to pay whatever amounts

have been expended by the prevailing party, so long as those amounts are not

unreasonable.") (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250,

1263 (2d Cir. 1987)).

On January 29, 2025, A&R filed an affirmation in response to the Court's order.

Doc. 78.  In the response, A&R only partially segregated the attorneys' fees incurred as

to the enforcement of the Lease versus those incurred in connection with the enforcement

of the Guaranty; it explained that it did so because "in this case those categories largely

but not entirely overlap."  *Id.* at 2.  A&R noted in that regard that SS&D "rarely

distinguished between work devoted to enforcing the obligations of the Tenant under the

Lease and those relating to enforcing the obligations of the Guarantor" and that SS&D's

work focused on those facts that were equally necessary in litigating Defendants' breach

of their obligations under both documents.  *Id.* at 2–3.  Thus, A&R argued that "for

purposes of seeking an award of attorneys' fees in this case . . . the work reasonably

necessary to establish the Tenant's breach of its payment obligations is chargeable

against the Tenant (because it was reasonably necessary to enforce the Tenant's

obligations), and also against the Guarantor (because it was reasonably necessary to

enforce the Guarantor's obligations)."  *Id.* at 3.

In response, Defendants requested that the Court deny the request for attorneys'

fees because A&R failed to comply with the terms of the Court's decision.  Doc. 80 at 4.

In Defendants' view, A&R "has taken the position that 100% of the fees incurred in

connection with Dorian's default should also be charged against Dorya in connection

---

[1]  The Court also noted that Defendants did not raise any factual dispute about the reasonableness of
SS&D's attorneys' fees.

with the enforcement of the Guaranty." *Id.* at 6.  Defendants further argued that if the Court "is inclined to award [A&R] of its legal fees, [A&R] should be required to submit proof as to the reasonableness of such charges." *Id.* at 9.

The Court concludes that A&R's submission is sufficient.  "Courts have discretion to award fees and costs against defendants jointly and severally when . . . litigation is focused on 'activities involving the opposing parties jointly.'" *National Labor Relations Board v. Schmidt*, No. 23-mc-51 (VEC), 2024 WL 967225, at *2 (S.D.N.Y. Mar. 5, 2024) (quoting *Rai v. WB Imico Lexington Fee, LLC*, No. 09 Civ. 9586 (PGG), 2017 WL 1215004, at *7–8 (S.D.N.Y. Mar. 31, 2017)); *see also Community Television Systems, Inc. v. Caruso*, 284 F.3d 430, 436–37 (2d Cir. 2002) ("Normally, the total amount of an attorney's fee award is imposed jointly and severally upon all defendants found liable, at least in the absence of 'separate and distinct' fee components attributable to the litigating tactics of individual defendants.").  Here, A&R has shown that to enforce the Guaranty, it was largely required to litigate the breach of the Lease. Thus, the litigation was focused on activities involving Dorya and Dorian jointly. Moreover, insofar as A&R incurred fees for work devoted exclusively to the enforcement of the Guaranty, A&R has attempted to estimate and segregate the fees dedicated to such activities—and Defendants do not contend that such estimates are not reasonable.  *See Rai*, 2017 WL 1215004, at *7 n.5 (holding joint and several liability applies and noting a similar fee-segregation effort).  Finally, "[j]oint and several liability is especially appropriate [here] because the [Defendants] appear to be related." [2]  *Schmidt*, 2024 WL 967225 at *2.  Thus, the Court concludes that Defendants are jointly and severally liable for the amount incurred as to the enforcement of the Lease:  $288,588.16.[3]  Separately,

---

[2]  According to F. Doruk Yorgancioglu's declaration, he is the sole member and 100 percent owner of Dorian.  Additionally, he and Megan Yorgancioglu are the only members of Dorya, owning respectively 90 percent and 10 percent of Dorya.  Doc. 1-3.

[3]  Based on the supporting documentation submitted by A&R, the total attorneys' fees for this matter is $327,452.25 for 553.85 hours.  *See* Docs. 78-1, 78-2, 78-3.

3

Dorya is solely liable for the fees incurred solely as to the enforcement of the Guaranty: $12,220.[4]

It is SO ORDERED.

Dated:    February 19, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

---

[4] The Court calculated Dorya's total liability, $300,808.16, from the sum of the three separate amounts that A&R states that it is seeking from Dorya in its affirmation:  $30,162, $217,352, and $53,294.16.  Doc. 78 ¶¶ 12, 22, 27.  In the conclusion of its affirmation, A&R states that the sum of these figures is $290,988.16, *id.* ¶ 28, but that is incorrect.